# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JACK MCLAURIN, Jr, et. al.,

    Plaintiffs,

v.

Civil Action No. 2:17-11263
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT COURT

DENNIS BAGLEY, et. al.;

    Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiffs Jack McLaurin, Jr. ("McLaurin") and Shane Tomczyk ("Tomczyk") are inmates confined at the Oakland County Jail in Pontiac, Michigan. They seek to file a joint civil rights complaint. The complaint is DISMISSED WITHOUT PREJUDICE. The individual plaintiffs may file separate complaints for themselves.

### I. Background

Jack McLaurin, Jr. claims that his attorney, Dennis Bagley, and Assistant Oakland County Prosecutor Marc Keast, two of the named defendants, tricked him into waiving his preliminary examination in the 46th District Court in Southfield, Michigan on September 14, 2016. McLaurin brought this to the attention of Oakland County Circuit Court Judge Michael Warren on September 22, 2016 and demanded that a preliminary examination be conducted if Assistant Prosecutor Keast did not honor a plea agreement

1

previously offered. In response to Judge Warren's questions, McLaurin denied signing the waiver of preliminary examination form in the district court. Bagley admitted to Judge Warren that he signed the waiver of preliminary examination form on McLaurin's behalf. Judge Warren removed Bagley from the case; he appointed Eric Wilson, another named defendant, as McLaurin's attorney.

McLaurin claims that Wilson refused to bring criminal charges against Keast or Bagley for tricking him into waiving his preliminary examination. McLaurin claims that Wilson refused to file motions on his behalf or give him documents pertaining to his case.

McLaurin fired Wilson and hired Jeffrey Edison, another named defendant, to represent him in his criminal case. McLaurin claims that Edison failed to file motions or give him any documents in his case. McLaurin claims that on March 1, 2017, the judge ordered Edison to re-file certain motions that McLaurin filed on his own behalf. McLaurin claims that Edison went to Ghana on March 1, 2017 without filing motions.

In an attached affidavit, McLaurin claims that he wrote Oakland County Prosecutor Jessica Cooper and Chief Judge Nanci J. Grant, two additional named defendants, and requested that criminal charges be brought against Keast and Bagley for forgery, fraud, obstruction of justice, and other charges. McLaurin claims that Defendants Cooper and Judge Grant are covering up these crimes.

Plaintiff Tomczyk claims that he hired attorney Frank K. Mandelbaum to represent him in a criminal case. Tomczyk says he waived his preliminary examination in the 55th District Court in Oakland County, Michigan in March of 2017. Tomczyk claims that his

attorney rescheduled the arraignment on the information in the Oakland County Circuit Court. Tomczyk alleges that defendants Keast and Bagley forged and signed his name to a waiver of the arraignment on the information form in the Oakland County Circuit Court on March 17, 2017. Tomczyk appeared in the Oakland County Circuit Court on March 20, 2017 and was informed by Judge Daniel Patrick O'Brien, another named defendant, that he waived his arraignment on the information. Tomczyk informed Judge O'Brien that he did not sign the waiver form. Judge O'Brien asked Keast whose signature was on the form. Tomczyk claims that Bagley was in court and admitted to forging Tomczyk's name on the waiver of arraignment form. McLaurin alleges that Judge O'Brien refused to report this crime to the proper authorities.

## II. Discussion

The Court dismisses the complaint without prejudice for several reasons.

First, Tomczyk did not file an application to proceed *in forma pauperis*, nor has he paid any portion of the $ 350.00 filing fee or the $ 50.00 administrative fee.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Although the PLRA does not

3

specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit suggested that fees and costs should be divided equally in such cases between the plaintiffs. *In Re Prison Litigation Reform Act,* 105 F. 3d at 1137-38. [1]

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for lack of prosecution. *Id.*

Tomczyk did not file an application to proceed *in forma pauperis* or the required supporting documentation; the complaint is deficient.

---

[1] Although the courts of this district relied on the administrative order in *In Re Prison Litigation Reform Act* for the rule that the filing fee should be apportioned between multiple prisoner plaintiffs, *See e.g. Williams v. Lafler*, No. 08-13821, 2009 WL 87004, at *1 (E.D. Mich. Jan.12, 2009); *Coleman v. Granholm*, No. 06-12485, 2007 WL 1011662, at *2 (E.D.Mich. Mar. 29, 2007), other district courts within the Sixth Circuit concluded that since the Sixth Circuit's administrative order in that case "did not consider the impact of Fed.R.Civ.P. 20 on implementation of the PLRA [or the fact that] the PLRA was designed to make prisoners feel the deterrent effect of the filing fee ... [courts should conclude that] each separate plaintiff is individually responsible for a full filing fee...." *Jones v. Fletcher*, No. A.05CV07-JMH, 2005 WL 1175960, at * 6 (E.D. Ky. May 5, 2005); *Lawson v. Sizemore*, No. A.05-CV-108-KKC, 2005 WL 1514310, at * 1 n. 1 (E.D. Ky. June 24, 2005). Other circuits held that each prisoner in a multiple prisoner plaintiff action is required to pay the entire filing fee rather than have the fee apportioned among the different prisoners. *See e.g. Hagan v. Rogers*, 570 F. 3d 146, 155-56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). The Sixth Circuit's approach unfortunately "creates difficult problems of apportionment when some plaintiffs have funds in their trust accounts, others do not, and still others have "struck out" under § 1915(g) and can no longer proceed *in forma pauperis"*[.] as is the problem with this case. *Boriboune v. Berge*, 391 F.3d at 855.

McLaurin submitted an application to proceed without prepayment of fees, but the application does not include a financial certificate signed by Plaintiff's custodian or designee. McLaurin's application to proceed *in forma pauperis* is therefore deficient. *See Hart v. Jaukins,* 99 F. App'x. 208, 209-10 (10th Cir. 2004).

A second problem with the complaint is that McLaurin may not even be eligible to proceed *in forma pauperis;* he has at least three prior civil actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted. *See McLaurin v. Van Ochten et al.,* No. 5:01-cv-31 (W.D. Mich. May 11, 2001); *McLaurin v. Butler et al.,* No. 1:97-cv-346 (W.D. Mich. Oct. 17, 1997); *McLaurin v. Jabe,* No. 2:91-cv-70224 (E.D. Mich. Jan. 28, 1991). McLaurin was subsequently denied permission to proceed *in forma pauperis* because of these dismissals. *McLaurin v. Kilpatrick,* No. 1:05-CV-574, 2005 WL 2155962, at * 2 (W.D. Mich. Sept. 7, 2005).

The three strikes provision of the PLRA prohibits a prisoner, who had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)(Lawson, J.). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

If any of the plaintiffs had filed an individual complaint with the above mentioned deficiencies, this Court would issue an order for that plaintiff to correct the deficiencies within a certain period of time. If the plaintiff corrected the deficiencies, the case would

proceed. If the plaintiff did not correct the deficiencies, the complaint would be dismissed. In addition, McLaurin would have an opportunity to argue that his case is not subject to dismissal under § 1915(g) because he is subject to imminent danger. If he could not make that showing, McLaurin would still be able to resume any of the claims dismissed under § 1915(g) if he paid the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540. This Court is concerned about the potential prejudice to each plaintiff if there were delays by the other plaintiff in correcting the deficiencies and/or McLaurin addressing his eligibility to proceed *in forma pauperis* in light of dismissals of the cases for frivolousness.

Another potential problem with the current complaint is that the plaintiffs' claims may be subject to severance or dismissal because of misjoinder. Federal Rule of Civil Procedure 21. Under that Rule, the Court may *sua sponte* dismiss or sever parties and claims in a civil action. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. *See also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988)("Parties may be dropped ... by order of the court ... of its own initiative at any stage of the action and on such terms as are just.").

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Parties, however, should not be permitted to

join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x. 436, 437 (3rd Cir. 2007)(per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1248, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009)(Borman, J.)(adopting magistrate judge's report).

Federal Rule of Civil Procedure 18 governs the joinder of claims and Federal Rule of Civil Procedure 20 governs the permissive joinder of parties. Rule 18(a) provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20(a)(1) addresses when multiple plaintiffs may bring a joint action: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 20(a)(2) addresses when multiple defendants may be joined in one action: "Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. *See, e.g., Proctor v. Applegate*, 661 F. Supp. 2d at 778. When joining either multiple plaintiffs or multiple defendants in a single action, the two-

7

part test of Rule 20(a)(1) or 20(a)(2) must be met.

Plaintiffs may be unable to meet the two-part test of Rule 20(a) for the joinder of multiple plaintiffs. Their claims do not appear to arise out of the same transaction, occurrence, or series of transactions or occurrences; their claims are personal to each of them and involve distinct factual scenarios even though the applicable legal standards may be the same. *See Proctor*, 661 F. Supp. 2d at 779 (finding claims factually unrelated even though plaintiffs alleged that defendants subjected them to the same or similar treatment); *Catanzaro v. Michigan Dep't of Corrections*, No. 08-11173, 2009 WL 4250027, * 13 (E.D. Mich. Nov. 19, 2009) (adopting magistrate judge's report finding that plaintiffs were mis-joined where they raised different claims and their retaliation claims had different factual predicates); *Harris v. Spellman,* 150 F.R.D. 130, 131-32 (N.D. Ill. 1993)(Permissive joinder was not available with respect to two inmates' pre-PLRA § 1983 claims which not only involved different occurrences, but also raised different issues of law; allegedly similar procedural errors do not convert independent prison disciplinary hearings into same "series" of transactions or occurrences for purposes of permissive joinder).

Finally, even if the claims were somehow related, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate,* 661 F. Supp. 2d at 780 (citing *Boretsky v. Corzine,* No. 2008 WL 2512916, * 5 (D.N.J. June 23, 2008)). Several of the problems that arise from multiple plaintiff

prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (*quoting Boretsky,* at * 5). Allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs." *Proctor,* 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 2008 WL 680203, * 1 (E.D.Wis. March 10, 2008)). Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id.*

An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id.* (*quoting Boretsky*, at *5); *See also White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D.Tenn. May 3, 2007)("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other district courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under under 42 U.S.C. § 1997e(a)." *Proctor,* 661 F. Supp. 2d at 780 (*quoting Boretsky*, at *6)(additional citations omitted). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (*quoting Boretsky*, at *6).

Misjoinder of parties is not normally sufficient to dismiss an action in its entirety,

9

although misjoined parties can be dismissed from the action by the Court. *See Proctor,* 661 F. Supp. 2d at 781 (citing Fed.R.Civ.P. 21)(additional citations omitted).  However, in light of the various deficiencies and the fact that the lead plaintiff may be barred from proceeding *in forma pauperis* because of prior dismissals under the three strikes provision of the PLRA, this Court finds that the best course of action would be to dismiss the complaint without prejudice; the individual plaintiffs may file complaints for themselves. *See e.g. Fuller v. Heyns*, No. No. 2:12–12371, 2012 WL 2374222 (E.D. Mich. June 22, 2012).

## **ORDER**

**IT IS ORDERED** that:

The civil rights complaint is **DISMISSED WITHOUT PREJUDICE.**  The plaintiffs may file individual complaints for themselves.

S/Victoria A. Roberts
**HONORABLE VICTORIA A. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 4, 2017